IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Hendrix Insurance Agency, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 7:10-2141-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Continental Casualty Company, | ) | |
| Utica Mutual Insurance Company, and | ) | |
| Robert Kennerly, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Plaintiff Hendrix Insurance Agency, Inc.'s ("Hendrix") motion to remand and Defendant Continental Casualty Company's ("Continental") motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and motion to strike. For the reasons set forth below, the court denies Hendrix's motion to remand and denies Continental's motion to dismiss and motion to strike.

I. FACTUAL AND PROCEDURAL BACKGROUND

On July 15, 2010, Hendrix, an insurance agency, filed the instant suit in the Spartanburg County, South Carolina Court of Common Pleas. Continental removed this action to this court on August 17, 2010. In its original complaint, Hendrix alleges claims for breach of contract, bad faith, improper claims practices/attorney fees, negligence, and negligent misrepresentation. (Compl., generally.) The instant suit is related to underlying litigation currently pending in state court, Robert Kennerly d/b/a Kennerly Snack Bar v. Colony Insurance Company and Hendrix Insurance Company, 2010-CP-38-00494 ("Kennerly case"). In the Kennerly case, Robert Kennerly ("Kennerly") alleges claims for negligence and/or professional negligence against

1

Hendrix in failing to maintain insurance coverage for him. (Continental Mem. Supp. Mot. Dismiss 3.) Kennerly suffered a fire loss on May 26, 2007, and Kennerly learned that his insurance policy had been cancelled. (Id.) Kennerly alleges that Hendrix and Colony Insurance Company ("Colony") failed to convey the notice of cancellation of insurance to Kennerly.

On September 1, 2010, Hendrix filed an amended complaint in the instant action adding Kennerly as a defendant and a claim for declaratory judgment against all of the Defendants. Continental and Utica Mutual Insurance Company ("Utica") have refused to defend Hendrix in the Kennerly case. (Am. Compl., generally.) Hendrix filed the motion to remand on August 26, 2010, alleging that there is no diversity jurisdiction because the amount in controversy does not exceed $75,000 and Kennerly is a non-diverse defendant. (Pl. Mem. Supp. Mot. Remand, generally.) Further, Continental filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on September 15, 2010. The parties have fully briefed the issues and these matters are now ripe for consideration.

## II. Discussion of the Law

### A. Motion to Remand

Without a basis for federal subject matter jurisdiction, the court must remand the case to state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Hendrix alleges that this matter must be remanded because the amount in controversy has not been satisfied and Kennerly is a nondiverse defendant. (Pl. Mem. Supp. Mot. Remand, generally.) Each of these arguments is addressed below.

## 1. Amount in Controversy

"In determining the amount in controversy for federal diversity jurisdiction, the court must examine the complaint at the time of removal." Chavis v. Fid. Warranty Servs., Inc., 415 F. Supp. 2d 620, 626 (D.S.C. 2006). "[T]he status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal . . . ." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938). The test for determining the amount in controversy in a diversity proceeding is "the pecuniary result to either party which [a] judgment would produce." Gov't Employees Ins. Co. v. Lally, 327 F.2d 568, 569 (4th Cir. 1964). In addition, punitive damages "must be included in the calculation of the amount in controversy." Am. Health & Life Ins. Co. v. Heyward, 272 F. Supp. 2d 578, 581 (D.S.C. 2003) (citing Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240 (1943)). A post-removal event, such as amending a complaint to reduce the amount in controversy below the jurisdictional limit, does not deprive a federal court of diversity jurisdiction. See Red Cab Co., 303 U.S. at 292; see also Shanaghan v. Cahill, 58 F.3d 106, 112-13 (4th Cir. 1995) (recognizing that a court's retaining state law claims in a diversity action after a post-removal event reduces the amount in controversy below the jurisdictional limit is a matter within the sound discretion of the district court).

Hendrix alleges that the amount in controversy does not exceed $75,000.00. (Pl. Mem. Supp. Mot. Remand 3.) The court disagrees. As noted above, Hendrix alleges claims for breach of contract, bad faith, improper claims practices/attorney fees, negligence, and negligent misrepresentation. Hendrix seeks to recover actual damages for defense costs and indemnity arising out of the Kennerly case and punitive damages. (Am. Compl., generally.) In the Kennerly case, Kennerly seeks actual and punitive damages against Hendrix. The total damages

3

alleged in the Kennerly case against Hendrix and Colony Insurance Company is $130,000.00. (Pl. Mem. Supp. Mot. Remand 3.) Based on the foregoing, there is no question that the amount in controversy is satisfied. Further, the statement by James Hendrix, Hendrix's president, "that Hendrix will accept $74,999.99 to settle this lawsuit in its entirety as long as one or both Defendants agree to settle within 10 days of the date that this motion is filed with the Court (September 6, 2010)" does not alter this analysis. (Id. 4.) A post-removal event such as this does not deprive the court of jurisdiction. Moreover, James Hendrix's affidavit further supports the conclusion that the amount in controversy exceeds $75,000.00. (Id. Ex. 2 (James Hendrix Aff. ¶ 3).) Therefore, the amount in controversy for purposes of diversity jurisdiction is satisfied.

### 2. Nondiverse Defendant

Hendrix alleges that this matter must be remanded because Kennerly destroys diversity jurisdiction. (Pl. Reply 1-2.) Continental and Utica allege that Kennerly's addition as a defendant does not destroy diversity based on the fraudulent joinder doctrine. (Continental Mem. Opp'n Mot. Remand 4-7.); (Utica Mem. Opp'n Mot. Remand, generally.) "The fraudulent joinder doctrine permits removal when a non-diverse party is (or has been) a defendant in the case." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999) (internal quotation marks and footnote omitted). "Under this doctrine, a district court can assume jurisdiction over a case even if . . . there are nondiverse named defendants at the time the case is removed . . . , dismiss the nondiverse defendants, and thereby retain jurisdiction." Id. However, the fraudulent joinder doctrine does not "directly apply after removal because the district court already possesses jurisdiction." Mayes v. Rapoport, 198 F.3d 457, 463 (4th Cir. 1999). "Since

4

the fraudulent joinder doctrine justifies a federal court's initial assumption of diversity jurisdiction, it has no effect once the district court actually possesses jurisdiction–including after the case has been removed." Id. at 461.

Instead,

> [w]hen a plaintiff seeks to join a nondiverse defendant after the case has been removed, the district court's analysis begins with 28 U.S.C. § 1447(e), which provides the district court with two options: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

Id. at 461-62. The court "has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was without leave of court." Id. at 462 n.11. Although Hendrix's joinder of Kennerly as a party defendant did not require leave of court, the court has the authority to determine whether Kennerly is a proper party under § 1447(e). Id. "Under Section 1447(e), the actual decision on whether or not to permit joinder of a defendant under these circumstances is committed to the sound discretion of the district court; thus, this decision is not controlled by a Rule 19 analysis." Mayes, 198 F.3d at 462. The court "should balance the equities in deciding whether the plaintiff should be permitted to join a nondiverse defendant." Id. at 463. In balancing the equities, the court should consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Id. at 462. In addition, in balancing the equities, the court should consider whether the party has been fraudulently joined. Id. at 463 (noting that "the fraudulent joinder doctrine can be yet another element of the district court's

'flexible, broad discretionary approach' to resolving a post removal question of whether a nondiverse defendant should be joined under Section 1447(e)").

While Hendrix has not been dilatory in asking for amendment, the purpose of joining Kennerly is to defeat federal jurisdiction. After filing its motion to remand on August 26, 2010, Hendrix amended the complaint to add Kennerly as a party and assert a declaratory judgment claim against Kennerly and the other defendants on September 1, 2010. Further, in its reply, Hendrix argued that the joinder of Kennerly as a party also defeated diversity jurisdiction. (Pl. Reply 1-2.) Given the temporal proximity of the decision to join Kennerly with Hendrix's motion to remand, the court finds that Hendrix added Kennerly solely in an effort to defeat diversity jurisdiction. Moreover, Hendrix will suffer no prejudice if Kennerly is not a party to the instant action. The instant case concerns an insurance contract between Hendrix and the Defendants. The outcome of the instant case will have no impact on the determination of liability in the Kennerly case or Kennerly's rights. Further, Hendrix has no cause of action against Kennerly.

> Hendrix argues that
>
> Kennerly has an interest in the underlying coverage issues and is a necessary party Defendant to this action due to the fact that the determination of the insurance coverage issues by the Court will affect the availability of insurance coverage to Robert Kennerly in the underlying liability lawsuit filed by Robert Kennerly against Colony Insurance Company and Hendrix.

(Id. 1.) As noted above, Rule 19 of the Federal Rules of Civil Procedure does not control the analysis in this case. However, Kennerly is not a necessary party to this action. Obviously, Kennerly will benefit if Hendrix succeeds in the instant action in that Hendrix will have coverage for Kennerly's claims in the Kennerly case. However, under § 1467(e), the court

dismisses Kennerly as a party to this action because he was fraudulently joined in an attempt to defeat diversity jurisdiction. For the reasons noted above, the court denies Hendrix's motion to remand and dismisses Kennerly as a defendant in this action.

### B. Continental's Motion to Dismiss

Continental moves to dismiss Hendrix's complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. When presented with a Rule 12(b)(6) motion to dismiss, the court must restrict its inquiry to the sufficiency of the complaint rather than "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). Under this plausibility standard, the court should "assume th[e] veracity" of well-pled factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. Although the court must consider all well-pled factual allegations in a complaint as true, the court need not "accept as true a legal conclusion couched as a factual allegation." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

### 1. Insurance Policy

Continental moves to dismiss the breach of contract, improper claims practices/attorneys fees, and declaratory judgment claims alleging that Hendrix's "coverage claims were made and reported after Continental's claims-based policy expired." (Continental Mem. Supp. Mot. Dismiss 6.) Continental alleges that Hendrix "purchased a claims-made and reported policy

from Continental with a term of September 12, 2008 to September 12, 2009. Thus, only claims brought and reported from September 12, 2008 to September 12, 2009 are covered under the Continental Policy." (Id. 7.) Continental argues that these claims fail because Hendrix did not make and report the claim during the policy period. It is undisputed that Kennerly suffered a fire loss on May 26, 2007, and that Hendrix did not learn of the fire until it was served with the complaint in the Kennerly case on May 26, 2010. (Am. Compl. ¶ 21.) Continental attaches to its motion to dismiss a copy of a policy with the effective date September 12, 2008 to September 12, 2009. Hendrix alleges that this policy cannot be considered at the motion to dismiss stage because the parties dispute the applicability of the policy. (Pl. Mem. Opp'n Mot. Dismiss 4.)

> When a defendant attaches documents to a motion to dismiss, a court has three options. First, if the documents meet certain requirements, the court may consider them when evaluating the motion to dismiss. If the documents do not qualify for consideration at the motion to dismiss stage, the court has two other alternatives: (1) it can either entirely disregard the attached documents; or (2) under limited circumstances, it may convert the motion into a motion for summary judgment and consider all attached documents.

Fisher v. Md. Dept. of Pub. Safety & Corr. Servs., Civil No. JFM 10-CV-0206, 2010 WL 2732334, at *2 (D. Md. July 8, 2010). "[C]ourts may consider a document that the defendant attaches to its motion to dismiss if the document was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity." CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co., 566 F.3d 150, 154 (4th Cir. 2009) (internal quotation marks omitted). "To be considered, an attached document must be central or integral to the claim in the sense that its very existence, and not the mere information it contains, gives rise to the legal rights asserted." Fisher, 2010 WL 2732334, at *2 (internal quotation marks and emphasis omitted). Hendrix submits that

8

> [t]he CNA policy issued to Hendrix with a policy period of September 12, 2006-September 12, 2007 is the policy that provides coverage to Plaintiff with regard to the Kennerly lawsuit, not the policy incorporated into CNA's Motion to Dismiss (policy period of September 12, 2008-September 12, 2009). Furthermore, there is a factual dispute as to the terms and provisions of the CNA policy issued to Plaintiff with a policy period of September 12, 2006-September 12, 2007.

(Pl. Mem. Opp'n Mot. Dismiss 4-5.) Based on the foregoing, the court disregards the policy attached to Continental's motion to dismiss. Further, the court denies Continental's motion to dismiss the breach of contract, improper claims practices/attorneys fees, and declaratory judgment claims because Hendrix's complaint states a claim for relief on these causes of action.

## 2. Negligence and Negligent Misrepresentation

Continental moves to dismiss Hendrix's negligence and negligent misrepresentation claims based on the economic loss doctrine. "In most instances, a negligence action will not lie when the parties are in privity of contract. When, however, there is a special relationship between the alleged tortfeasor and the injured party not arising in contract, the breach of that duty of care will support a tort action." Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc., 463 S.E.2d 85, 88 (S.C. 1995). The theory behind the economic loss rule is that commercial entities entering into a contract have the opportunity to allocate risk, "whereas tort risks are assigned as a matter of law." Myrtle Beach Pipeline Corp. v. Emerson Elec. Co., 843 F. Supp. 1027, 1049 (D.S.C. 1993), aff'd, 46 F.3d 1125 (4th Cir. 1995). To allow a party to recover in tort what he cannot recover in contract permits that party to obtain a better bargain than he purchased. Purvis v. Consol. Energy Prods. Co., 674 F.2d 217, 221 (4th Cir. 1982).

9

Continental argues that Hendrix's "claims of negligence and negligent misrepresentation against Continental are an improper attempt to disguise contract claims as tort claims. Plaintiff and Continental have contracted together for purposes of insurance and Plaintiff now sues under the terms of this contract." (Continental Mem. Supp. Mot. Dismiss 9.) Hendrix alleges that the amended complaint states viable causes of action for negligence and negligent misrepresentation "based upon the negligence and/or negligent misrepresentations of CNA's employees/agents when marketing and selling subject CNA policies to Plaintiff and in communicating with Plaintiff regarding the coverage to be afforded to Plaintiff pursuant to the terms of the CNA policies." (Pl. Mem. Opp'n Mot. Dismiss 6.)

> To sustain an action for negligence, it is essential the plaintiff demonstrate the defendant breached a duty of care owed to the plaintiff. The existence of a duty owed is a question of law for the courts. In a negligence action, if no duty exists, the defendant is entitled to judgment as a matter of law.

Houck v. State Farm Fire & Cas. Ins. Co., 620 S.E.2d 326, 329 (S.C. 2005) (internal citations omitted). "Generally, an insurer and its agents owe no duty to advise an insured. If the agent, nevertheless, undertakes to advise the insured, he must exercise due care in giving advice." Trotter v. State Farm Mut. Auto. Ins. Co., 377 S.E.2d 343, 347 (S.C. Ct. App. 1988). An insurer may assume a duty to advise the insured by an express undertaking or an implied undertaking. Id. The insured bears the burden of proving the undertaking. Id.

> An implied undertaking may be shown if: (1) the agent received consideration beyond a mere payment of the premium; (2) the insured made a clear request for advice; or (3) there is a course of dealing over an extended period of time which would put an objectively reasonable insurance agent on notice that his advice is being sought and relied on.

Id. (citations omitted). Further, an insurer can be found liable if its agent failed to exercise due care in procuring the insurance coverage requested by the insured. Sullivan Co. v. New Swirl,

Inc., 437 S.E.2d 30, 31 (S.C. 1993); Kelly v. S.C. Farm Bureau Mut. Ins. Co., 450 S.E.2d 59, 62 n.1 (S.C. Ct. App. 1994).

The elements of a claim for negligent misrepresentation are:

(1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the statement; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; (4) the defendant breached that duty by failing to exercise due care; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance upon the representation.

deBondt v. Carlton Motorcars, Inc., 536 S.E.2d 399, 405 (S.C. Ct. App. 2000). A negligent misrepresentation claim cannot be based on "unfulfilled promises or statements as to future events." Tom Hughes Marine, Inc. v. Am. Honda Motor Co., 219 F.3d 321, 324-25 (4th Cir. 2000) (internal quotation omitted). An exception to this general rule "exists only when a person makes a promise having at the time no intention of keeping [the] agreement." Id. at 325 (internal quotation marks omitted). Claims for negligent misrepresentation are commonly alleged against insurers based on misrepresentations by agents or employees. Rickborn v. Liberty Life Ins. Co., 468 S.E.2d 292, 299 (S.C. 1996) (finding insurer liable for negligent misrepresentations by employee); Kelly, 450 S.E.2d at 62.

Hendrix alleges that Continental was negligent in the following respects:

a. In failing to deliver the requested and appropriate insurance policies to Hendrix;
b. In failing to properly, prudently and with due care review and analyze the requested and needed coverage for Hendrix;
c. In failing to review the actual coverage provided pursuant to the terms of subject policies to determine if it was as requested by Hendrix and suited to meet the needs of Hendrix;
d. In failing to review Hendrix's insurance policies to insure that they provided all the necessary coverages for Hendrix;
e. In failing to properly review and investigate the request(s) for insurance coverage and the need for insurance coverage for Hendrix and providing insurance to Hendrix that was less than requested and/or needed for Hendrix;

  f. In failing to notify Hendrix of said failures;
  g. In failing to train, supervise, oversee, educate and/or train Defendant's agents, servants and/or employees properly;
  h. In failing to properly, prudently, and reasonably investigate the coverage afforded by the subject policies to Hendrix relating to claims made by Hendrix to CNA and Utica relating to lawsuit, leading to the improper determination of no coverage for Hendrix relating to the lawsuit pursuant to the terms of subject policies;
  i. In failing to recognize the obvious insurance needs of Hendrix; and
  j. In such other and further particulars as will be proven at trial.

(Am. Compl. ¶ 45.) Further, with respect to the negligent misrepresentation claim, Hendrix alleges as follows:

> CNA and Utica falsely represented or represented through their silence to Hendrix that the subject policies were as requested by Hendrix and sufficient to meet Hendrix's insurance needs and no revisions, additions, deletion, or exclusions in subject policies substantially and/or materially changed the requested and/or needed coverage of Hendrix. These representations of Utica and CNA were false if Utica's and CNA's determination that there is no coverage for Hendrix regarding the lawsuit pursuant to the terms of subject policies is correct. Furthermore, the subject policies that were issued to Hendrix were unsuitable for Hendrix's needs, which caused damages to Hendrix, which were reasonably foreseeable by both Utica and CNA, and both Utica and CNA failed to exercise reasonable care in their actions and/or omissions and otherwise failed to exercise reasonable care in communicating information regarding the short comings [sic] of subject policies sold and marketed to Hendrix by CNA and Utica and/or failed to communicate any information relevant to these issues to Hendrix.

(Id. ¶ 50.)

  After review of the amended complaint and the applicable law, the court finds that Hendrix has stated a viable cause of action for negligence and negligent misrepresentation. Hendrix alleges in his amended complaint that Continental made certain representations regarding the insurance coverage that were incorrect and that Hendrix specifically requested certain coverage which Continental did not procure.

### 3. Bad Faith

Generally an insurer has a duty of good faith and fair dealing in the performance of all obligations it undertakes to perform for the insured. The elements of an action for bad faith under an insurance contract include: "(1) the existence of a mutually binding contract of insurance between the plaintiff and the defendant; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damage to the insured." Crossley v. State Farm Mut. Auto. Ins. Co., 415 S.E.2d 393, 396-97 (S.C. 1992). "An insured may recover damages for a bad faith denial of coverage if he or she proves there was no reasonable basis to support the insurer's decision to deny benefits under a mutually binding insurance contract." Dowling v. Home Buyers Warranty Corp., 400 S.E.2d 143, 144 (S.C. 1991). Continental argues that the bad faith claim must be dismissed because "no benefits are owed under the contract." (Continental Mem. Supp. Mot. Dismiss 10.) As set forth above, the court has denied the motion to dismiss on Hendrix's breach of contract claim as Hendrix has stated a claim for breach of contract. Given that the court has denied the motion to dismiss the breach of contract claim, the court denies Continental's motion to dismiss the bad faith claim.

It is therefore

**ORDERED** that Hendrix's motion to remand, docket number 6, is denied and Kennerly is dismissed as a party. It is further

**ORDERED** that Continental's motion to dismiss, docket number 14, is denied. It is further

**ORDERED** that Continental's motion to strike, docket number 30, is denied as moot because the court did not consider James Hendrix's affidavit, docket number 27-2, in deciding Continental's motion to dismiss.

**IT IS SO ORDERED.**

                                        s/Henry M. Herlong, Jr.
                                        Senior United States District Judge

Greenville, South Carolina
November 3, 2010